**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

DARRYL McLACE DAVIS,

    Plaintiff,

v.                                       CIVIL ACTION NO. 3:04CV607

HELEN FAHEY, et al.,

    Defendants.

## MEMORANDUM OPINION

Darryl McLace Davis, a Virginia prisoner, brings this § 1983 action against the defendants, attacking the decision making him ineligible for parole. Defendants have filed their motion to dismiss to which Plaintiff has replied. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636 and 1343.

In ruling on a motion to dismiss, the Court must accept all properly pled allegations of the complaint as true and construe all facts in the light most favorable to the plaintiff. Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997). The Fourth Circuit has made it clear that "[a] Rule 12(b)(6) motion to dismiss should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief. T.G. Slater & Son, Inc. v. Donald P. &

<u>Patricia A. Brennan, LLC</u>, 385 F.3d 836, 841 (4th Cir. 2004).

On December 16, 1993, Davis was convicted in the Circuit Court for the City of Hampton of three robberies. He received a sentence of confinement for twenty years on one of the convictions. On the other two convictions, the court imposed two twenty-year sentences, but suspended their execution. On January 7, 1994, Davis was convicted in the Newport News Circuit Court of four robberies. He was sentenced to five years in prison on each conviction. He was received in the Department of Corrections with a total sentence of forty years.[1] On May 2, 1994, Davis was classified by the Department of Corrections as ineligible for parole pursuant to Virginia Code § 53.1-151.B1.[2] Davis appealed the decision to the Parole Board on grounds that the robberies were all part of a

---

[1] Multiple firearms charges were dismissed at various times; none resulted in convictions.

[2] Virginia Code § 53.1-151.B1 provides:

> Any person convicted of three separate felony offenses of (I) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subsections (I), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole. In the event of a determination by the Department of Corrections that an individual is not eligible for parole under this subsection, the Parole Board may in its discretion, review that determination, and make a determination for parole eligibility pursuant to regulations promulgated by it for that purpose. Any determination of the Parole Board of parole eligibility thereby shall supersede any prior determination of parole ineligibility by the Department of Corrections under this subsection.

common scheme.  The appeal was denied on May 8, 1996.

On August 2, 2002, Davis filed a second "Appeal of Parole Eligibility" on grounds that:

> the Virginia Parole Board had granted several parole ineligibility appeals based on facts and circumstances indistinguishable from the facts of plaintiff's case, to wit: 'that no firearm or other deadly weapon was presented in the commission of the robberies' . . . . Plaintiff provided to defendant Fahey official records which clearly demonstrate that no firearm or other deadly weapon was involved in the offenses for which he was deemed ineligible for parole.

Complaint, p. 5.  The second appeal was denied on April 3, 2003.[3] Thereafter, Davis learned that the Parole Board had entertained a "second Appeal of Parole Ineligibility" to another inmate, who argued that his robbery convictions did not involve the use of a firearm.  In that case, the Board found the inmate to be eligible for parole.

Davis alleges five causes of action:

1. Plaintiff alleges that defendants Fahey, Ewing, and Johnson, in arbitrarily and capriciously failing and refusing to apply the same criteria to the facts and circumstances of plaintiff's case in his parole reviews, as applied to the facts and circumstances of Virginia prisoner cases similarly situated, constituted an abuse of discretion which served to deprive plaintiff of due process of law and other rights under the 5th, 9th, and 14th Amendments to the Constitution of the United

---

[3]Other than the statement of the Chairman of the Parole Board advising Davis, "The Code of Virginia does not provide for further review," there is nothing to indicate whether the Board considered the merits of the appeal, or whether the statement was made to advise Davis there was no additional review provided by the Virginia Code.

3

      States.

2. Plaintiff alleges he has been denied due process of law by defendant Helen F. Fahey, when said defendant deemed plaintiff ineligible for discretionary parole by failing and refusing to perform her statutory duties and legal responsibilities under §§ 53.1-135, 53.1-136, 53.1-139, 53.1-151, 53.1-154 and § 53.1-155 of the Code of Virginia (1950), as amended, thereby, depriving plaintiff of the same privileges and immunities afforded other prisoners similarly situated, in violation of the 5th, 9th, and 14th Amendments to the Constitution of the United States.

3. Plaintiff alleges that defendants [sic] Fahey acted arbitrarily and capriciously, and abused her discretion, when she denied him consideration on his parole appeal of eligibility on the boilerplate reason of "The Code of Virginia does not provide for further review," when said defendant knew or should have known that others [sic] prisoners similarly situated had received multiple reviews of their parole eligibility and were eventually deemed parole eligible and Some have since been granted parole on the same facts and circumstances, thus depriving plaintiff of full and fair consideration for parole and due process of law, in violation of the 5th, 9th, and 14th Amendments to the Constitution of the United States.

4. Plaintiff alleges defendant Doris L. Ewing, acting in concert and collusion with defendants Fahey and Johnson, have conspired to deprive plaintiff of his civil right to due process and equal protection of law, by failing and refusing to investigate the facts and circumstances of plaintiff's convictions and sentences, when she knew or should have known (a) that plaintiff's offenses did not involve the "presenting of a firearm or other deadly weapon; (b) that other prisoners who were initially deemed parole ineligible have since had their eligibility restored and been released on parole; and (c) the facts and circumstances of plaintiff's case were indistinguishable from the facts and circumstances of the aforesaid case, but plaintiff continues to be denied parole eligible [sic], thereby, arbitrarily and capriciously denying plaintiff

>      parole consideration and due process of law in violation of the Fourteenth Amendment of the Constitution.
>
> 5.   Plaintiff alleges the defendants, acting in concert and collusion, committed malfeasance and deprived plaintiff of his rights under state law by acting arbitrary [sic] and capricious [sic] and abusing their authority and discretion, in failing and refusing to afford plaintiff his rights to a full and fair parole review as codified under Virginia Code §§ 53.1-151B, 53.1-154, and § 53.1-155, and mandated by the decision of <u>Franklin v. Shields</u>, 569 F.2d 784 (4th Cir. 1979) [sic], in violation of the Virginia Constitution and the United States Constitution.

Reduced to simplicity Davis claims that: 1) he could be properly classified as parole ineligible only if he had presented a firearm or other deadly weapon when he committed his seven robberies; 2) no firearm was involved in his crimes; 3) he presented evidence to the Parole Board to confirm no firearm or deadly weapon was involved during his second attempt to be reclassified; 4) the Parole Board refused to consider the evidence and did not change his classification on grounds that he had already had one appeal; and 5) in other cases similar to Davis, the Board had granted second appeals and reclassified prisoners to be eligible.

To the extent that Davis is asserting that he was denied due process of law at any stage of his parole review, his claims are frivolous. An inmate has such a <u>de minimis</u> liberty interest in parole in Virginia that he is, at most, entitled to a reason for denial. <u>Vann v. Angelone</u>, 73 F.3d 519, 522 (4th Cir. 1996); <u>see</u>

5

Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991).  In Vann, an inmate challenged the decision of the Virginia Department of Corrections declaring him ineligible for parole because of convictions of three separate offenses of robbery that were not part of a common scheme.  He claimed the decision that two of the robberies were separate rather than part of a common scheme was arbitrary, standardless and contrary to law.  The court stated:

> We reject petitioner's attempt to draw this court into the merits of either the state's parole statute or its individual parole decisions.  To accept the invitation to review Vann's parole eligibility determination would require us to second guess both the Virginia DOC and the Virginia General Assembly.  We would, for example have to assess the facts and circumstances surrounding Vann's robberies, evaluate the DOC's reasons for denying Van parole, compare the decision in Vann's case with others . . . .

73 F.3d at 522. On the other hand, Davis' equal protection claims are, at least facially, somewhat more problematic.

The Supreme Court has recognized the viability of a "class of one" theory applicable to equal protection claims.  Village of Willowbrook v. Olech, 528 U.S. 562 (2000).  In Olech, a homeowner asked the Village of Willowbrook for permission to connect to the Village's municipal water supply.  The Village responded that the homeowner would be required to grant the Village a thirty-three-foot easement before it would permit the connection.  Other landowners similarly situated, who were permitted to connect to the water system, were required to give only a fifteen-foot easement.  Ultimately the Village relented.  Nevertheless the homeowner

6

brought suit against the Village alleging the demand of an larger easement from her denied her "equal protection" because demand was irrational, arbitrary and motivated by ill will.  The District Court dismissed the complaint.  The Seventh Circuit reversed holding that the homeowner had alleged a sufficient equal protection claim by alleging that Village was motivated solely by ill will in its demand for an additional eighteen-foot easement.  The Supreme Court found that the homeowner had sufficiently alleged an equal protection claim based on "a class of one" because:

> Olech's complaint can fairly be construed as alleging that the Village intentionally demanded a 33-foot easement as a condition of connecting her property to the municipal water supply where the Village required only a 15-foot easement from other similarly situated property owners. [citation omitted] The complaint also alleged that the Village's demand was "irrational and wholly arbitrary" and that the Village ultimately connected her property after receiving a clearly adequate 15-foot easement.  These allegations, quite apart from the Village's subjective motivation, are sufficient to state a claim for relief under traditional equal protection analysis. We therefore affirm the judgment of the Court of Appeals, but do not reach the alternative theory of "subjective ill will" relied on by that court.

528 U.S. at 565.[4]

---

[4] In his concurring opinion, Justice Breyer cautioned that general application of the "class of one" without a requirement that the action taken be motivated by ill will, could transform many violations of state or local law into violations of constitutional magnitude.  He concurred in the result, but suggested ordinary run of the mill decisions of state agencies, for example zoning Boards, would not be subjected to liability under the equal protection clause absent an allegation that the purportedly differential treatment was motivated by ill will directed specifically against the victim. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 565-66 (2000).

There is a dearth of cases applying <u>Olech</u>'s "class of one" test to parole proceedings, but the issue was squarely before the court in <u>Manley v. Thomas</u>, 265 F. Supp.2d 363 (S.D.N.Y. 2003). Manley alleged he had been denied release on parole while other inmates, similarly situated, were granted release without any rational reasons stated by the parole board to support the difference in treatment.  The matter was before the court on Manley's motion to reconsider its earlier decision denying relief. Manley claimed that the court had failed to properly apply the "class of one" doctrine to his case.  The court held that the standard for applying the doctrine

> requires a sufficient showing that the petitioner was similarly situated to other persons and was singled out for differential treatment from them in a manner the [sic] subjected him to "irrational and wholly arbitrary acts" and intentional disparate treatment.

<u>Id</u>. at 365.  To state a viable equal protection claim against the Parole Board, a prisoner must set forth more than mere generalities.  He must file a "particular and individualized pleading of *intentional* disparate treatment singularly targeting the specific victim." <u>Id</u>.  Otherwise:

> [E]very other felony offender who is ever denied parole, would qualify individually as a "class of one," separately entitled to pursue relief under the Equal Protection Clause on a pleading of nothing more than a bare assertion that his application was rejected while others purportedly similarly situated were approved.

<u>Id.</u> at 366.

To make out an equal protection claim here, Davis must allege that: 1) the Parole Board intentionally singled him out; 2) for the purpose of denying him a second appeal of his parole ineligibility; 3) while other inmates similarly situated were granted second appeals; and 4) the refusal to allow his second appeal was irrational and wholly arbitrary.

Far from alleging that the Board intentionally singled him out to deny his second appeal, Davis alleges only that some *other inmate* was singled out and granted a second appeal. His complaint is not sufficiently particularized to support his conclusory allegation that the refusal to grant his second appeal was irrational and totally arbitrary when compared to the circumstances in the case where the second appeal was granted.  Thus, to the extent Davis has attempted to foist upon the court a duty to review of his individual parole file, compare it with the files of others and interpret state parole statues, all under the guise of the Equal Protection Clause, his argument is without merit.

Finally, to the extent Davis is claiming the defendants conspired in some way to violate his parole review rights, he has no such federal or constitutional rights. Moreover, Davis has failed to "plead specific facts in a nonconclusory fashion" to show that two or more of the defendants agreed to deprive him of any constitutional or statutory right. Gooden

v. Howard County, 954 F.2d 960, 969-70 (4th Cir. 1992).

Accordingly, the motion to dismiss will be granted, and the complaint will be dismissed.

/s/_____

David G. Lowe

UNITED STATES MAGISTRATE JUDGE

Richmond, Virginia

Date:_____

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Richmond Division**

DARRYL McLACE DAVIS,

    Plaintiff,

v.                                  CIVIL ACTION NO. 3:04CV607

HELEN FAHEY, <u>et al.</u>,

    Defendants.

<u>**ORDER**</u>

In accordance with the accompanying Memorandum Opinion, it is ORDERED that the motion to dismiss is GRANTED; Plaintiff's motion for reconsideration is DENIED as moot; and the action is DISMISSED.

Petitioner may appeal the decision of the Court. Should he wish to do so, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of

the date of entry hereof.

Let the Clerk send a copy of the Order and accompanying Memorandum Opinion to Plaintiff and all counsel of record.

And it is so ORDERED.

/s/_____
David G. Lowe
UNITED STATES MAGISTRATE JUDGE

Richmond, Virginia
Date:_____